Judge Hitchcock
stated the case, and delivered the opinion of the court:
The ground upon which this application for divorce is ^founded is, that the defendant has treated the petitioner with extreme cruelty; that he has willfully absented himself from her for more than three years; that he has been guilty of adultery, and that he has married another wife. The petition also discloses the fact that the defendant, who is a resident of Indiana, has applied to the proper judicial tribunal in that state, and has, by the determination of that tribunal, been divorced from the petitioner. The prayer of the petition is for divorce and alimony.
Case submitted without argument.
The question to which the attention of the court is called in the present case, arises upon the face of the petition. Before this court can proceed to dissolve a marriage contract, there must be proof that there is such a contract subsisting. If it is shown by the petitioner by proof, that there is no such contract’, there is nothing upon which the court can act. In this case, it is stated in the petition that the defendant has been divorced from the petitioner in the State of Indiana, and it is not shown but that the *533 proceedings were perfectly regular and fair. By the statutes of Indiana, it seems that decrees for divorce in favor of one of the-parties operates as a complete dissolution of the contract, and from thenceforth both parties areas completely liberated from the obligation of the same as if it never had been solemnized. The effect of the divorce is the same as in our own state. And if, under our laws, upon the application of the husband, a divorce-should be decreed, it can not be held that a subsequent application by the wife would be sustained. It is apparent that the petitioner in this case is already freed from the obligations of the marriage contract, so far as human laws can release her; of course, there is-no ground upon which this court can interfere, and for this cause-the petition is dismissed.