Hart, J.
 

 The first question to be determined is whether, when an action is filed for alimony alone and there is a compliance with Section 119S1, General Code, as to security for costs, and the plaintiff thereafter files an amended petition for divorce and alimony but makes no further deposit for costs, the court has jurisdiction to consider the amended petition.
 

 Section 11981, General Code, provides that “no clerk of a Court of Common Pleas shall receive or file a petition for divorce or alimony until the party named as plaintiff therein * * * makes prepayment or deposit with the clerk of such an amount as will cover the costs likely to accrue in the action, * * * or gives such security for the costs as in the judgment of the clerk is satisfactory * *
 

 Defendant asserts that a claim for alimony and one for divorce, even when set out in the same action, constitute distinct and separate causes of action; that when a cause of action for divorce is subsequently brought into the action for alimony by amendment, it creates a new action requiring new service of process upon the defendant. This claim is predicated on the fact that the residence requirements and the statutory grounds for the two causes of action are different. The defendant then claims that when the plaintiff’s peti
 
 *109
 
 tion for alimony was amended by including a cause of ■action for divorce, it was necessary that a new and additional deposit for costs be made as a prerequisite to jurisdiction.
 

 In the opinion of the court, this does not follow. The required deposit for costs has no relation to the causes of action asserted in the petition or to the relief sought. A deposit was made by the plaintiff in the first instance upon the filing of her petition for alimony. That satisfied the requirement to that point. A deposit is made for the action, not for separate causes of action. The amount of a deposit is within the determination of the clerk and the presumption is that he performed his duty in this regard. A deposit, so far as it affects the defendant, is for his protection, and if the clerk does not require sufficient deposit, it rests with the defendant to bring the matter to the attention of the court by motion to increase the deposit. The Court of Appeals in its opinion in the instant case answers the contention when it says: “Had she [the plaintiff] originally filed a divorce and alimony action, the deposit made would have sufficed to conform to the statute. The accomplishment of that result by amendment did not change the situation.”
 

 Furthermore, the defendant in this case has not been prejudiced as to jurisdiction, in the final result, and he is not in position to complain. While plaintiff’s amended petition for divorce and alimony was sustained by the trial court, the judgment was reversed and her petition as to the divorce feature was dismissed by the Court of-Appeals. No appeal has been taken by the plaintiff as to this issue and the judgment of the court denying the plaintiff a divorce has become final. The action, as it now stands, as a result of the judgment of the Court of Appeals, is one for alimony only and as to that, at least, the requirement for a deposit for costs was properly complied with.
 

 
 *110
 
 A second contention of the defendant is that the trial court had no jurisdiction to hear this case asa“ divorce case” and award the plaintiff a division of the defendant’s property. The defendant claims that it is only ■when a divorce is granted because of the husband’s aggression that the court shall allow the wife such alimony out of her husband’s property (Section 11990, General Code); and that since the plaintiff was not entitled to a decree of divorce under her amended petition because a divorce had already been granted to the husband in another state, she could not be awarded permanent alimony or division of property.
 

 Since the Court of Appeals found that the divorce granted to the defendant in Nevada was valid under the full faith and credit clause of the federal Constitution, which finding in .the absence of appeal has become final, this court will assume for the purpose of the decision in this case that the decree was valid and severed the marital relationship of the parties. While Section 11990, General Code, does provide that when a divorce is granted because of the husband’s aggression, alimony shall be granted to the wife, it does not specifically provide, as defendant contends, that
 
 only
 
 when a divorce is granted can alimony be awarded.
 

 The statute in question contemplates a situation where a divorce and alimony are sought in the same action in a court having jurisdiction of both the parties and their property interests. The purpose of the limitation in the statute to the effect that when a- divorce is granted because of the aggression of the husband, alimony may be granted, is the preservation of the marriage status if possible with the laudable hope that a reconciliation may be effected before a divorce is granted; and that the property of the parties should not be permanently divided until that hope has been destroyed by a decree of divorce.
 

 In this case, the purpose.of the statute to preserve
 
 *111
 
 the marriage status had already been defeated by the act of the husband in procuring a divorce in another state which did not have jurisdiction of the property rights of the parties. His procurement of the divorce satisfied the condition of the statute so far as the jurisdiction of the court to determine the property rights of the parties is concerned.
 

 The record in this case shows clearly that there was sufficient aggression on the part of the defendant to entitle the plaintiff to a divorce, execept for the fact that the defendant had already procured a divorce in an uncontested action in another state. To apply to the statute the construction claimed by the defendant and to hold that the plaintiff is relegated to a decree of alimony for support and maintenance alone, thus depriving her of an equitable division of their property, while the defendant enjoys, on his own procurement, the status of a marriage dissolution, would be to make the statute (Sections 11990 and 11998, General Code), an instrument of fraud and injustice instead of one of justice and equity as was intended by its enactment. When the purpose of the rule fails, the rule itself ceases to apply. The situation here presented makes this action the equivalent of an action for divorce and alimony, and the rule announced in
 
 Durham
 
 v.
 
 Durham,
 
 104 Ohio St., 7, 135 N. E., 280, does not apply. We are of the opinion that the court did not err in granting a decree for permanent alimony.
 

 The remaining issue relates to the power of the court to order certain property sold in order to divide the proceeds between the parties. It appears that the defendant, Slapp, is the owner of 1353 shares out of a total 3438 shares of preferred stock in The Akron Lamp & Manufacturing Company, by whom he is employed.
 

 Other shares of the stock, are owned by other persons who are also employed by the same company.
 
 *112
 
 Some years ago all of these shareholders, including Slapp, entered into what they called a “Junior Executive Agreement” which provided that in the event any party to the agreement terminated his employment with the company, a subsidiary in which the remaining parties to the agreement are interested shall have the right to purchase his stock at a fixed price. Slapp’s stock, together with that of the other parties to the agreement, is deposited with a custodian to insure the performance of the agreement. The court ordered that in the event the parties were unable to agree to a division of the property, a sale of Slapp’s shares in the former company should be made in order to make a division of the property with the plaintiff. The other parties to the agreement, above referred to were not made parties to this action.
 

 The defendant claims that the court erred in this order and for that reason the decree should be reversed. An examination of the agreement discloses that it does not constitute a pledge of shares but an option with a condition attached which is not exercisable by the optionee until Slapp shall have become disconnected with the company by which the shares were issued. It is doubtful whether the agreement in question rendered the shares inalienable. No question is made in the pleadings on that issue. There may arise in connection with the attempted sale of this property questions which affect the optionee and a prospective purchaser of the stock, but the defendant is not interested in that issue and cannot litigate it in this action. There is nothing before this court at this time to require any determination as to such issue.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt', C. J., Matthias, Zimmerman, Bell, Williams and Turner, JJ., concur.