COFFMAN, Appellant, v. COFFMAN, Appellee.

Ohio Appeals, Second District, Preble County.

No. 114.   Decided January 15, 1945.

Thurston F. Bittle, Eaton, Sam D. Kelly, Dayton, for appellant.

Harshman & Young, Dayton, for appellee.

NICHOLS, J. of the Seventh Appellate District sitting by designation in place of Barnes, P. J.

202

**OPINION**

By NICHOLS, J.

This cause is in this court on appeal upon questions of law by F. L. Coffman, plaintiff, from the judgment of the Common Pleas Court of Preble County in favor of defendant, Myrtle Coffman.

On September 3, 1943, the cause having been heard upon the pleadings and the evidence, the Common Pleas Court found for defendant and against plaintiff on the issues joined on his petition, dismissed plaintiff's petition for divorce, and found for defendant and against plaintiff on the issues joined on defendant's cross-petition, the entry specifically showing that the court found that plaintiff and defendant are living separate and apart and that defendant is entitled to separate maintenance and support by plaintiff, and further ordered that "the previous order entered herein requiring and ordering plaintiff to pay to defendant the sum of $110.00 per month for her maintenance and support pending this litigation should be and hereby is ordered continued," and assessed the costs against plaintiff.

On September 4, 1943, plaintiff filed motion for an order vacating the finding and entry of September 3, 1943. This motion was not disposed of by the court until March 22, 1944, on which date the court overruled the motion to vacate and further heard the cause upon the question of an allowance for separate maintenance and support, finding an allowance of $150.00 per month to be ample and equitable; that defendant should be allowed the sum of $100.00 for the preparation of her defense, entered judgment against plaintiff on the issues joined on plaintiff's petition, dismissed plaintiff's petition for divorce; and further ordered that judgment be entered for defendant and against plaintiff on the issues joined on defendant's cross-petition for the sum of $150.00 for the month of February, 1944, and a like amount on or before the 3rd of each and every subsequent month, and that plaintiff pay defendant the additional sum of $100.00 as an allowance for the preparation of her defense.

From the judgment entered by the Common Pleas Court

on March 22, 1944, plaintiff has duly appealed to this court upon questions of law.

In his assignment of errors, plaintiff complains that the trial court erred in the following:

(1) In dismissing plaintiff's petition for divorce after finding that plaintiff's claim of gross neglect of duty had been substantiated;

(2) In allowing permanent alimony to defendant when there had been no showing of gross neglect of duty on the part of plaintiff;

(3) In allowing permanent alimony to defendant when there had been no showing of abandonment of the wife by the husband without good cause;

(4) In finding for defendant upon her cross-petition when the court had found "no preponderance of the evidence.

(5) In allowing attorney fees to defendant;

(6) In allowing an exorbitant amount of permanent alimony, having regard for the holdings of the wife and the average earnings of the husband for the past ten years.

In support of the first assignment of error, appellant represents that the trial court rendered an opinion, from a consideration of which it is to be gathered that the court had found plaintiff's claim of gross neglect of duty had been substantiated, and that there had been no showing of gross neglect of duty on the part of plaintiff and no showing of abandonment of the wife by the husband without good cause, and had further found no preponderance of the evidence to sustain the allegations of defendant's cross-petition.

Two opinions of the trial court are attached to appellant's brief. These opinions are apparently some observations made by the court at the time they were written relative to the state of the evidence. Obviously these opinions are not the final judgment of the trial court since the court speaks only through its journal and by its journal it definitely made finding that the issue made upon plaintiff's petition had not been sustained and that the issues made upon defendant's cross-petition had been sustained. We cannot look to the opinions of the court for refutation of the duly entered findings upon its journal.

This court has, however, carefully considered the evidence contained in the bill of exceptions filed herein by appellant and are unable to find therefrom that the judgment of the Common Pleas Court against plaintiff and dismissing his petition for divorce is manifestly against the weight of the evidence.

While it does not appear from the journal entry whether the judgment from which plaintiff appeals was based upon

the claimed abandonment of defendant by plaintiff without just cause or was based upon a finding of gross neglect of duty, nevertheless the judgment of the court would be sustained upon finding either of such issues in favor of defendant.

From a consideration of the record, there can be no doubt that the evidence discloses an abandonment of defendant by plaintiff, and we cannot say that a finding of lack of just cause for such abandonment is manifestly against the weight of the evidence. Likewise we cannot say from the evidence that a finding by the court that plaintiff was guilty of gross neglect of duty toward defendant would be manifestly against the weight of the evidence.

We have further considered the record with reference to the claim of appellant that the Common Pleas Court allowed an exorbitant amount of permanent alimony to defendant. As shown by the latest opinion of the trial court, there was taken into consideration in fixing the amount of permanent alimony the needs of the wife, her customary manner of living, her own income and earning capacity, the amount and value of her separate property, and the ability of the husband to pay.

From this opinion we gather that the court found from the testimony that the wife's needs are some $213.16 per month; that she has been accustomed to live in a manner above the average, comfortably but not extravagantly; that she has no income and little earning capacity; that she has, however, a considerable amount of assets belonging to her individually and was residing in a valuable piece of property, though it was somewhat encumbered.

The court apparently found that plaintiff's income could be estimated conservatively at $500.00 per month. Upon a consideration of all the facts referred to, the court found that an allowance of $150.00 a month for her permanent alimony would be ample, fair and equitable, and so ordered.

Without reciting the evidence contained in the bill of exceptions, we arrive at the conclusion that the trial court was amply justified therefrom in making the allowance to defendant for her permanent alimony which is shown in the entry of judgment of that court.

We have carefully considered all of the errors assigned and are unable to find that prejudicial error has been shown or that substantial justice has not been done.

The judgment is, therefore, sustained.

HORNBECK, P. J., and GEIGER, J., concur.