## McGHEE, Plaintiff-Appellee, v. McGHEE, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County.

No. 1880. Decided December 10, 1945.

466

Frank W. Krehbiel, Dayton, for plaintiff-appellee.
T. L. Barger, Dayton, for defendant-appellant.

## OPINION

By MILLER, J.

The plaintiff instituted her action for alimony on the ground of gross neglect of duty and extreme cruelty.

The answer was a general denial and cross-petition for divorce on the ground of gross neglect of duty and extreme cruelty.

On the issues joined the Court found for the plaintiff, awarded her the custody of the four children and $28.00 per week for their support, and $7.00 per week for herself, and in addition thereto awarded her $100.00 for expenses incurred in the trial. Since the cross-petition alleged extreme cruelty as one of the grounds for divorce the testimony as to acts of

cruelty were admissible, but extreme cruelty is not one of the grounds for alimony as enumerated in §11997 GC. Gross neglect of duty is one of the grounds and if the judgment is to be sustained it must be on this ground alone.

The errors assigned may be epitomized as follows:

(1) The finding is against the law and the evidence.

(2) The Court erred in allowing plaintiff additional compensation for attorney's fees.

An examination of the record discloses that the plaintiff testified that the defendant refused to give her sufficient money for the support of the family; that he squandered his money at places exactly unknown to her, although the defendant testified that at the time of the hearing his income was from six to eight hundred dollars per month as a welder. He was in business for himself and was the owner of an automobile and two trucks. The plaintiff testified that she is now compelled to take in washings and has done so off and on for about four years.

The record discloses that the defendant received a personal injury which was total for several years and during this period of disability he received compensation of $18.75 per week. During this period of time she worked in a cigar factory when able in order to help out on the expenses. There was constant bickering over finances and on numerous occasions he abused her by calling her vile and loathsome names. She testified that he associated with two women in particular. On one occasion he took his daughter and one of these ladies to Chicago; the daughter testified that she slept with the lady, but that her father spent the evening in the room with them and that she saw him kiss her. This lady's first name was Lillian, and a letter was introduced in evidence which was taken from the pocket of the defendant in which she expressed her love and affection for him. On another occasion the defendant came to Columbus with the other lady with whom he associated. The defendant admitted this to a Mrs. Fraser, a member of the Dayton Police Department, but explained that it was only an act of kindness. Mrs. Fraser testified that she talked to the defendant about terminating his associations with this lady and that he told her he would not. The plaintiff testified that the defendant spent all his nights away from home and on one occasion he arrived home about 7:20 in the morning. She also testified that the home was not adequately furnished and was not in a livable condition; that the screen door at the entrance was torn and dilapidated and of no use; that the furnishings in the living room were worn and threadbare; that there

was no rug on the floor with the exception of a small worn runner. These charges were all denied by the defendant with the exception that he admitted he had been to Chicago as alleged, and also came to Columbus as testified.

It is well established that gross neglect of duty must be something more than mere neglect, some circumstance of aggravation or wilfulness. It consists of any neglect of duty that is gross. This can only be determined from all the circumstances and the determination depending very largely upon the discretion of the trial court. We find the following statement in **14 O. Jur. 396:**

"Where the husband squanders his wages, and the wife, on account of the burden of caring for children, is not able to provide for her own support, and her requests for means of support are answered by insults and abuse, a case of gross neglect of duty is made out."

After careful consideration of all the evidence we cannot say that the finding was against the manifest weight thereof. On the other hand, there seems to be ample evidence to support the judgment.

The defendant complains further that the Court erred in allowing support money for a child born approximately six months after the separation. He says that on account of his physical condition he was unable to cohabit with the plaintiff and offered some medical testimony in support of this contention. We do not consider the medical testimony of much value, as the conclusions were based not upon the results of direct examination of the defendant but upon his own statements. The plaintiff testified that she did cohabit with the defendant after he recovered from his personal injuries and this occurred approximately two times a week.

A child conceived during wedlock is presumed to be legitimate and this presumption can only be overcome by evidence that is strong and convincing. We do not believe that the evidence in this case rebuts this presumption, and therefore find that the Court properly made allowance for the support of this child.

The Court awarded the plaintiff, in addition to the support money, $100.00 for her expenses incurred in the trial. The appellant contends that this award is illegal and cites the case of **Parker v Parker, 28 Abs 49.** However, in this case

the Court awarded the defendant expense money in the sum of $750.00 which the Court approved in the following words:

"The Court in the final entry awarded to the defendant 'expense money' in the sum of $750.00. This allowance was not questioned. The Court had a right to award this under the provisions of §11994 GC. * * *."

In addition to this expense money the Court awarded $750.00 to be paid to the defendant's counsel and, holding this to be error, the Court said:

"The Court cannot award a sum to counsel direct to the exclusion of the litigant, but of course may take into consideration counsel's fees in making the award for expenses during the suit, and we are of the opinion that the amount so awarded to defendant's counsel is without warrant. * *"

It will be noted that the $100.00 allowed in the instant case was allowed to the plaintiff for expense money and was not awarded to the attorney.

It is our conclusion that the award of $100.00 to the plaintiff was not erroneous.

The judgment is affirmed and the cause ordered remanded.

HORNBECK, P. J., and WISEMAN, J., concur.