**SNYDER, Plaintiff-Appellant, v McCLELLAND, Admr. et., Defendants-Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4076.   Decided February 19, 1948.

Frank N. R. Redfern, Adelphi, Lawrence Ramey, James H. Hengst, Columbus, for plaintiff-appellant.

David H. Thomas, Columbus, Theodore Gregg, Columbus, for defendant-appellee.

## OPINION

By MILLER, J.

This is a law appeal from the Probate Court in a proceeding to determine heirship of Raymond Hopkins, deceased. The application was filed by David L. Snyder who claims to be the natural son of the decedent. The plaintiff also alleges that seven other persons named in the petition claim to have an interest in the estate as being the heirs next of kin. The prayer is that the Court determine who the heirs of the decedent are. There is no conflict of claims between these seven defendants, and the only question for the determination of the Court is whether or not David L. Snyder is the son of Raymond Hopkins, deceased. The conflict is between David L. Snyder who claims to be the sole and only heir, and the other answering defendants who claim to be the only heirs to the estate.

The record discloses that David L. Snyder was born while his mother was married to a person other than the deceased, to wit, Fred Snyder; that the husband of the plaintiff's mother lived in the same vicinity in which the mother lived at the time of the conception of said child. When the child was a year or two old his mother divorced her husband and procured an order of alimony against him for the support of the plaintiff and another child. When the plaintiff was about six years old his mother married the decedent and both of the children were kept in the new household. The record discloses also that the plaintiff's mother some years later brought an action for divorce from Raymond Hopkins, deceased. The petition contains the allegation that no children had been born as the issue of said marriage.

During the course of the trial evidence was offered by the plaintiff which purported to show that the deceased admitted that the plaintiff was his own son, these admissions not being made in the presence of a third party. This evidence was not admitted by the trial court.

The first assignment of error is directed to this ruling. We are of opinion that such declarations made by the decedent to a third party would not be a privileged communication within the purview of §11494 GC, Section 3 of which holds that communications between husband and wife during coverture are privileged unless in the known presence or hearing

of a third person competent to be a witness. We have been unable to find that such rule is applicable in the case of any other admissions or declarations. In **Second National Bank v First National Bank, 7 Oh Ap 68,** the rule as to admissibility of declarations or statements of another were declared to be as follows:

"Declarations or statements of another are admissible in evidence in an action between third parties when it appears, first, that the declarant is dead; second, that the fact declared of is in relation to a matter concerning which the declarant was immediately and personally cognizant; and, third, that the declaration is at variance with the interest of the declarant."

In 31 C. J. S. page 1152, the proof and effect of admissions is discussed without any reference to any requirement that a third person must be present when admissions against interest of a deceased are made. On page 1153 the general rule is stated to be as follows:

"Oral admissions may be proved by any competent witness who heard them, or by declarant himself."

"Generally a party's statements against interest may be proved by other witnesses. An oral admission may be proved by questioning the party making it with respect thereto, or by any competent witness who heard it, even though the statement was confidential as to him", etc.

We are therefore of the opinion that the trial court committed prejudicial error in rejecting this testimony.

The next assignment of error relates to the judgment entry wherein it is said "that plaintiff is presumed by law to be the son of Fred Snyder; that in order to prevail in the claim asserted by plaintiff herein that he is not the son of said Fred Snyder but is the son of Raymond Hopkins, deceased, it is incumbent on him to overcome such presumption by clear and convincing evidence and to prove that Raymond Hopkins clearly and satisfactorily acknowledged him to be his son * * *." The appellant contends that the Court erred in finding it necessary for him to overcome the presumption that he was Fred Snyder's son, by clear and convincing evidence; that heirship is not criminal or quasi-criminal and merely involves property in an estate; that it does not arise during the lifetime of the decedent and that the Court went farther than necessary in ruling that it was incumbent upon the plaintiff to prove he was the son of Hopkins, by clear and con-

vincing evidence in order to rebut the presumption that he was the legitimate son of Fred Snyder. It is contended that this presumption could be overcome by a preponderance of the evidence in such a case. We have been cited to no authority which sustains the appellant in his views on this subject, but on the contrary we find that the weight of authority unanimously holds that a child conceived during wedlock is presumed to be legitimate, and this presumption can be overcome only by evidence that is clear and convincing. A recent discussion of this question is found in **State, ex rel. Walker v Clark, 144 Oh St 305,** where it is said:

"2. A child conceived during the existence of a lawful marital relation is presumed to be legitimate—a procreation of the husband and wife."

"3. Such presumption is not conclusive and may be rebutted by evidence, which must be clear and convincing, that there was no sexual connection between husband and wife during the time in which the child must have been conceived. (Paragraph two of the syllabus in the case of **Powell v State, ex rel. Fowler, 84 Oh St, 165,** overruled.)"

"6. In a case of this kind, it is incumbent on plaintiff to prove by clear and convincing evidence that the child is not attributable to her former husband. If she does, the issue of the guilt of the accused under the bastardy complaint may be resolved against him by a preponderance of the evidence."

Another recent case is that of **McGhee v. McGhee, 45 Abs 465,** wherein this Court held that a child conceived during wedlock is presumed to be legitimate and this presumption can only be overcome by evidence that is strong and convincing.

We find no error in this assignment.

The third assignment of error is that the Court erred in finding that the decedent must have clearly and satisfactorily acknowledged appellant to be his son. The appellant contends that the Court went beyond bounds in imposing such a rigid rule upon a mere proceeding to determine heirship which involves property only and no moral stigma as to immoral acts, the person involved being dead. **Sec. 10503-15 GC** provides that illegitimate children may be deemed legitimate when acknowledged by the father.

"When by a woman a man has one or more children, and afterwards intermarries with her, such issue, if acknowledged by him as his child or children, will be legitimate."

It will be noted that the paternity of the child is the fact to be established before the child can be legitimated. It has, however, been held that an acknowledgment clearly and unequivocally made after the marriage showing the husband's recognition of such child as his is sufficient to establish the parentage in the absence of clear evidence of nonaccess. 5 O. Jur., Sec. 60, page 608; **Eichorn v Zedaker, 109 Oh St 609.** In **Ives v McNicholl, 59 Oh St 402,** the first syllabus reads as follows:

"A child begotten by parents who were at the time not intermarried, and who could not then enter into a legal contract of marriage, may be legitimated under Section 4175, Revised Statutes, by the subsequent legal marriage of the parents and the acknowledgment of the child by the father as his child."

This case is similar to the one at bar in that the child was conceived and born during a former marriage of the mother. The grounds upon which the Court placed its decision were: (1) A finding that there was absolutely nonaccess and nonintercourse between the mother and her former husband; (2) A finding that the acknowledging husband of the mother was actually the father of the child; and (3) In the language of the Court at page 405 of the decision:

"At all times from her birth, in September, 1876, until his death, in December, 1893, Henry McNicoll recognized and acknowledged the said Margaret C. McNicoll as his daughter, and after his marriage with her mother she resided in the family of Henry McNicoll, who provided for her education and support, and by his last will and testament, which was duly admitted to probate, he recognized her as his daughter and named her in his said will and testament as one of his heirs and devisees."

See also **Garner v Goodrich, 136 Oh St 397.**
In view of these authorities we hold that the Court below did not err in holding that it was incumbent on David L. Snyder to prove that Raymond Hopkins clearly and satisfactorily acknowledged him to be his son. The evidence in all the cases we have been able to find seems to support this rule, even though it is not expressly so stated.
The other assignments of error relate to the findings of

the Court as being against the manifest weight of the evidence, which we cannot pass upon at this time for the reason that we find prejudicial error in the record as heretofore stated.

The judgment is reversed and cause is ordered remanded for a new trial.

WISEMAN, PJ, and HORNBECK, J, concur.