MORRELL, EX PARTE: ROSE ET, PETITIONERS-APPELLEES, *v.*
MORRELL ET, RESPONDENTS-APPELLANTS.

Ohio Appeals, First District, Hamilton County.

No. 9251.   Decided December 10, 1962.

*Mr. Starbuck Smith, Jr.*, for petitioners-appellees.
*Mr. Stanley J. Aronoff*, for respondents-appellants.

370

Long, P. J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Hamilton County, in a habeas corpus action in which it is claimed that Melinda Carroll Morrell, a minor ten years of age, hereinafter referred to as Melinda, is being wrongfully detained by her father, George Palmer Morrell, and his present wife, Martha N. Morrell.

In January, 1953, the mother of Melinda obtained a divorce in a Florida court, which court had jurisdiction of the parties and in which Melinda's mother was given custody of Melinda; the court, by its Order, retained jurisdiction for all future Orders regarding custody of the child. Some five years later, Morrell sought a modification of custody and, as a result of a stipulation, all parties being in court, custody of Melinda was awarded to Mr. and Mrs. Rose, maternal grandparents of the minor. As in other decrees of the Florida court, visitation privileges were awarded to the mother and to Morrell, the father. It was provided that the father should have the child during the Christmas holidays and during the summer; the visitation during the past summer having ended and Morrell, the father, not returning the child to the court-appointed custodians, Mr. and Mrs. Rose filed the application for the writ of habeas corpus herein.

On the hearing, the trial court found that the Roses were being deprived of the custody which had been awarded them under the Florida decision, and ordered Morrell to deliver said minor forthwith to the Roses. This Morrell has refused and, so far as we know, still refuses to do; for which the trial court found him guilty of contempt for which a penalty of six months in jail was given. The court further found Morrell's present wife guilty of contempt for ignoring a subpoena, although she was in court on the previous days of the hearing; she was fined one hundred ($100.00) dollars, which was remitted on condition that she pay the costs. The order of contempt as to Morrell still stands and a writ has been issued to take him into custody.

The first claim of error to which we shall address ourselves, is the one claiming that the court was without authority to find Morrell and his wife in contempt, for failure to have written charges filed against them, as provided by Section 2705.03, Revised Code. This Court finds that the evidence discloses that Morrell and his wife were guilty of direct contempt (see record pp. 60, 70 and 82), and that therefore the section of the Code referred to has no application. This point being decided, the motion to fix a stay bond is hereby overruled.

Coming next to the claim that the trial court was without authority to make the award which was made in the case, this Court is of the opinion that the trial court as well as this Court is bound to recognize the Florida decision; there is no claim of fraud on the Florida court nor that the court was without jurisdiction. It is urged upon us that "in a habeas corpus proceeding involving custody of a child, welfare of the child is paramount to the comity existing between states." This Court, in an error proceeding of this kind, must presume that the trial court acted in a legal manner based on the evidence in the case. How can we say that the court was not governed by the best interests and welfare of the child in the light of the testimony? We have read the record and find substantial evidence from which the court did consider the best interests and welfare of the child (see record pp. 16, 27c, 50, 98, 110 and 133).

As to the claim that the court below was without authority "to make an award of custody in a habeas corpus proceeding," we do not consider the ruling of the trial court to be an award in the nature of a modification of permanent custody; it was merely a finding that the Florida court still has continuing jurisdiction and that nothing appears in the evidence, so far as the welfare of the child is involved, to cause the court any concern about leaving the child with its grandparents in accordance with said Florida decision.

As previously indicated, the motion to fix a stay bond is overruled and the judgment below is hereby affirmed.

HILDEBRANT and KEEFE, JJ., concur.