LYKINS, PLAINTIFF-APPELLEE, *v.* LYKINS, DEFENDANT-APPELLANT.

Ohio Appeals, Fourth District, Pike County.

No. 235.    Decided January 8, 1964.

*Mr. Tom Reed,* for defendant-appellant.
*Mr. James M. Drennen,* for plaintiff-appellee.

COLLIER, P. J.    This appeal on questions of law is directed to the judgment of the Common Pleas Court of Pike County in an action for separate maintenance filed by Kittie Lykins, herein referred to as plaintiff, against her husband, Ollie Lykins, herein designated the defendant.

The facts, as shown by the record, may be summarized as follows: The parties were married December 24, 1957, when the plaintiff was fifty-seven years of age and the defendant was seventy-seven years of age.    They lived in a rural district of Pike County and both parties were in poor health during most of the five year period they lived together.    The plaintiff was the eighth wife of the defendant, three of his former wives having died and the other four marriages having ended in divorce actions.    Plaintiff's only complaint against the defendant was that he was penurious, miserly and stingy to the extent that he would not provide plaintiff with adequate food, medical care and necessary furnishings for their home, such as rugs, curtains, cooking utensils, chairs, mattresses, etc.

The evidence shows that the title to all of defendant's property, both real and personal, was in the names of his seven children by two prior marriages; that he retained a life interest in the farm where the parties resided and received the interest and income from the property; that most of defendant's income was deposited in a bank in Kentucky in the name of one of his children and not expended for living expenses for plaintiff and defendant; that the value of such property was well in excess of thirty thousand dollars; that defendant's income in 1962 was about thirty-four hundred dollars.

The trial court found that the penurious acts of the defendant constituted such ill treatment as to warrant separate maintenance. Alimony in the sum of twenty-five hundred dollars, payable at the rate of sixty dollars per month was awarded to the plaintiff. Defendant now seeks a reversal of that judgment.

The courts in Ohio, in construing the statutes relating to actions for alimony (Sections 3105.17 and 3105.18, Revised Code), have consistently held that the Court of Common Pleas is vested with full equity powers and has broad discretion in the matter of allowing alimony; that an order concerning alimony may be reversed only where the evidence clearly shows an abuse of discretion or a misapprehension of the facts. *Clark* v. *Clark*, 165 Ohio St., 457; *Gage* v. *Gage*, 165 Ohio St., 462; *Dennison* v. *Dennison*, 165 Ohio St., 146; *Ginn* v. *Ginn*, 112 Ohio App., 259.

After a careful examination of the entire record, our conclusion is that the judgment is supported by sufficient evidence and there was no abuse of discretion by the trial court. Therefore, the judgment must be, and, hereby is affirmed. Plaintiff's motion for the allowance of attorney fees incurred in this appeal is allowed in the sum of one hundred and fifty dollars and the defendant is ordered to pay plaintiff said amount within a period of thirty days from the date of this journal entry.

Judgment affirmed.

BROWN, J., concurs.
CARLISLE, J., dissents.