286 So.2d 385 (1973)
Lois Louise M. FORD, Plaintiff-Appellant,
v.
Ellis Dale FORD, Defendant-Appellee.
No. 12165.
Court of Appeal of Louisiana, Second Circuit.
November 13, 1973.
Henri Loridans, Bossier City, for appellant.
Drew, White, Drew & Drew, by Robert C. White, Minden, for appellee.
Before AYRES, BOLIN, and PRICE, JJ.
AYRES, Judge.
This action for divorce instituted on September 14, 1972, was based on a charge of adultery directed against the husband. The defense is that the marriage of plaintiff and defendant was dissolved on May 2, 1972, by a final decree of divorce emanating from the Chancery Court of Ashley County, Arkansas. The defense was sustained and, from the judgment rejecting plaintiff's demands, she appealed.
Plaintiff and defendant were married in Bossier Parish, Louisiana, on August 2, 1969. No children were born of their marriage. They separated on December 4, 1971, and since that time have not lived together as man and wife. Prior to their separation, however, they had established a matrimonial domicile in Webster Parish, Louisiana, where they lived in a trailer home. After their separation, the wife returned to the home of her mother and father in Bossier Parish, Louisiana, where she was residing at the time this action was instituted.
Upon the trial of this cause, there was introduced into evidence a transcript of the entire proceedings in the matter of "Dale Ford v. Lois L. Ford" in the Chancery Court of Ashley County, Arkansas, certified in accordance with the Acts of Congress provided in such matters. This record contains the complaint, affidavit for warning order to defendant, appointment of attorney ad litem to represent the defendant, who is the plaintiff herein, notice of depositions, certificate of service of the foregoing notice on the attorney appointed to represent the defendant, a copy of publication of the warning order to defendant, depositions of plaintiff and his witness, report *386 of the attorney ad litem, and the divorce decree.
The proceedings appear to be regular in form and to comply with the appropriate statutes of the State of Arkansas, as we are given to understand them, except that the wife was neither furnished with nor received notice of the proceedings due to plaintiff's failure to furnish his attorney with her correct address. She made no appearance in the proceedings, nor did she waive the requirements with respect to jurisdiction.
The question, however, of the jurisdiction of the Arkansas court is the only matter with which we may be concerned in determining whether the judgment granted in Arkansas should be given full faith and credit in this State. Williams v. State of North Carolina, 317 U.S. 287, 63 S.Ct. 207, 87 L.Ed. 279; Biri v. Biri, 192 So.2d 862, 864 (La.App., 4th Cir., 1966); Walker v. Walker, 157 So.2d 476 (La.App., 3d Cir., 1963), 246 La. 407, 165 So.2d 5 (aff'd in part, rev'd in part).
Nevertheless, where the court of a sister state which renders a judgment has no jurisdiction over a person or the subject matter, its jurisdictional infirmity is not saved by the Full Faith and Credit Clause of the Constitution of the United States. State v. Huhn, 224 La. 591, 70 So.2d 391 (1954).
Therefore, the subject matter for the present inquiry is the question of whether or not the plaintiff in the Arkansas action established a residence in that State so as to confer jurisdiction upon the court there. The requirements as set forth in Ark.Stat. Ann. § 34-1208 provide:
"The plaintiff, to obtain a divorce, must prove, but need not allege, in addition to a legal cause of divorce:
"First: A residence in the State by either the plaintiff or defendant for 60 days next before the commencement of the action, and a residence in the State for three (3) full months before the final judgment granting the decree of divorce.
Ark.Stat.Ann. § 34-1208.1 provides:
"The word `residence' as used in Section 34-1208 is defined to mean actual presence and upon proof of such the party alleging and offering such proof shall be considered domiciled in the State and this is declared to be the legislative intent and public policy of the State of Arkansas."
In the Arkansas proceeding, plaintiff testified he was a resident of Ashley County, Arkansas, and had been for more than three months. Plaintiff's mother merely testified that her son's testimony was correct. No further information was given the court concerning plaintiff's residence in that State.
On the trial in the instant proceeding, the defendant testified he resided in Crossett, Arkansas, from January 15, 1972, to May 2, 1972; that he had rented a room at the Switzer Motel; that during his sojourn there he continued in his employment with Ludlow Corporation in Homer, Louisiana. He claimed to have commuted daily to his work which was located about 50 miles away. The day following the divorce, he returned to Homer and on that date was married to a Miss Curry. In the course of his testimony, several denials were made as to the purpose of his move to Arkansas. However, under cross-examination, he admitted his main reason was not to establish a domicile but to get a divorce.
In Graham v. Graham, 495 S.W.2d 144 (1973), the Supreme Court of Arkansas had before it a comparable, factual situation. There the husband brought an action for a divorce but the wife contended her husband was not a reisdent of that State within the intent of the applicable legislation which is quoted hereinabove. The Chancery Court of Ashley County granted the divorce and the wife appealed. The Arkansas Supreme Court held that where a husband's asserted residence in the State *387 consisted only of a motel room and, during the 60-day period prior to the filing of the divorce complaint, the husband used a Louisiana address when corresponding with the workmen's compensation carrier in cashing drafts, and spent several days in Louisiana for medical treatment, the husband was not a "resident" of the State of Arkansas for the length of time required by the divorce statute and hence that the divorce decree was void for want of jurisdiction.
The above-stated holding is in accord with those of other states. For instance, and to refer to a few:
In the case of Winters v. Winters, 111 So.2d 418, 420 (1959), the Supreme Court of Mississippi held:
"... It is clear that Winters, when he went to Arkansas, did so for the sole purpose of obtaining a divorce. Clearly he did not intend to remain there even though he said that he did. The fact remains that, when he got his decree, he immediately came back to Pontotoc in this state. The granting of a divorce, under such circumstances, is contrary to the public policy of this state; and the courts of this state will determine for themselves as to the jurisdiction of a court in another state to render such decree."
See the authorities therein cited.
In Linck v. Linck, 31 Ohio Misc. 224, 288 N.E.2d 347, 349 (1972), the husband took sick leave and traveled from Ohio where he and his wife resided, and subsequently obtained a Nevada divorce. The Ohio court found sufficient evidence to hold that the husband was a bona fide resident of Nevada, but gave numerous citations in support of the following rule:
"The general rule is stated: `It is a well established principle of law that the mere fact that one leaves his domiciliary state and goes to another for the express purpose of procuring a divorce is not, in and of itself, grounds for another court to refuse to recognize the foreign divorce decree, so long as the person intended to make the foreign state his residence or domicile. The words "residence" and "domicile" are used synonymously. * * * On the other hand, if all the circumstances indicate that the applicant for divorce went to another state for the express purpose of securing a decree and Not [sic] with the intention of remaining permanently, the jurisdiction of the court may be questioned.'" (Emphasis supplied.)
Upon the record in the instant case, it is very obvious that the husband did not establish or maintain a residence in the State of Arkansas within the meaning of the provisions of the applicable statutes of that State. A most substantial portion of the husband's time was spent in Louisiana. From his own testimony, the conclusion is inescapable that he never intended to establish a residence or domicile in that State. His only purpose was to secure a divorce.
The basis for granting plaintiff a divorce in the present action has been amply established. On the basis of an invalid divorce decree, the defendant remarried, and on the filing of this proceeding he was living with his "second wife." It is unfortunate that persons, often innocent and in good faith, may be adversely affected and made to suffer because of wrongs of others.
Other issues presented in the pleadings concern settlement of the community estate and of plaintiff's right to alimony. These issues appear to have been abandoned. These claims, at any rate, have not been established to any decree of certainty that would warrant a decree by this court.
The judgment appealed is annulled, avoided, reversed, and set aside; and
It is now ordered, adjudged, and decreed there be judgment herein in favor of plaintiff, Lois Louise M. Ford, against the defendant, Ellis Dale Ford, decreeing an absolute *388 divorce forever dissolving the bonds of matrimony heretofore existing between them.
It is further ordered, adjudged, and decreed that the rights of the parties to a settlement of the community estate and of the wife's rights to alimony or support be, and they are hereby, dismissed as of nonsuit.
The defendant-appellee is assessed with costs, including the cost of this appeal.
Reversed and remanded.