VOGT, Appellee,

v.

VOGT, Appellant.

[Cite as *Vogt v. Vogt* (1990), 67 Ohio App.3d 197.]

Court of Appeals of Ohio,
Lucas County.

No. L–89–055.

Decided March 30, 1990.

**198**

*Mary Smith,* for appellee.

*Walter Skotynsky,* for appellant.

HANDWORK, Presiding Judge.

This matter is before the court on appeal from the final judgment entry of the Lucas County Court of Common Pleas, Domestic Relations Division, dated February 1, 1989.

This action began with the filing of a complaint for alimony only on April 13, 1988 by appellee, Jacqueline J. Vogt. On December 16, 1988, a decision was apparently rendered by the court granting appellee a divorce, which set forth specific findings of fact with regard to this action. However, the record does not contain such a decision nor does the docket sheet reflect that such a decision was ever filed. The only indication in the record that such a decision was rendered is a notation contained in an "Addendum" filed by the court wherein the court amended its December 16, 1988 decision to indicate that appellee was granted alimony only instead of a divorce. On February 1, 1989, the court entered its final judgment entry wherein it stated that the court issued a decision on September 20, 1988 granting appellee alimony only on the grounds that appellant was guilty of gross neglect of duty. The court further indicated in the February 1, 1989 judgment that its decision of December 16, 1988 resolved the remainder of the causes of action raised by the pleadings. The remainder of the February 1, 1989 judgment contained order language regarding the granting of alimony only, the division of the marital property, and the calculation of the amount of sustenance alimony to be awarded. Appellant filed a timely notice of appeal from the February 1, 1989 order. On appeal, appellant asserts a single assignment of error which reads as follows:

"The Trial Court erred in holding that the Defendant/Appellant was guilty of gross neglect of duty, in that there was no evidence submitted which supported this finding."

In his brief, appellant addresses twelve findings of fact allegedly made by the trial court which go to the issue of whether appellee was entitled to an award of alimony only. However, the decision which allegedly contained these findings of fact referred to above was never filed with the clerk. Since a court "speaks only through its journal," *Schenley v. Kauth* (1953), 160 Ohio St. 109, 51 O.O. 30, 113 N.E.2d 625, paragraph one of the syllabus, we cannot review these alleged findings of fact to determine whether the trial court properly found that appellant grossly neglected his duties as a husband entitling appellee to an award of alimony only.

Instead, we will review the record as a whole, to determine whether the trial court acted within the bounds of its power. In an alimony only action, R.C. 3105.17 provides that the trial court may grant alimony only on a complaint or counterclaim for certain enumerated causes. Among these causes is gross neglect of duty. R.C. 3105.17(B). Therefore upon review of a trial court's judgment granting alimony only, we must find that the judgment is supported by some competent, credible evidence. *Rousculp v. Rousculp* (1968), 17 Ohio App.2d 101, 104, 46 O.O.2d 125, 127, 244 N.E.2d 512, 514–515; *Coffman v. Coffman* (1945), 76 Ohio App. 330, 32 O.O. 51, 62 N.E.2d 302; and *Quallich v. Quallich* (1905), 14 Ohio C.C. (N.S.) 524, affirmed (1905), 72 Ohio St. 671, 76 N.E. 1131. Those cases which have concluded that the trial court has broad discretion regarding the awarding of alimony (see *Swanson v. Swanson* [1976], 48 Ohio App.2d 85, 90, 2 O.O.3d 65, 68, 355 N.E.2d 894, 898; *Lykins v. Lykins* [App.1964], 93 Ohio Law Abs. 385, 29 O.O.2d 222, 198 N.E.2d 779; *McGhee v. McGhee* [App.1945], 45 Ohio Law Abs. 465, 468, 64 N.E.2d 254, 256; *Hamilton v. Hamilton* [App.1952], 65 Ohio Law Abs. 261, 262, 114 N.E.2d 487, 488; and *Kniffen v. Kniffen* [Jan. 17, 1985], Cuyahoga App. No. 48430, unreported, 1985 WL 7443) confuse the granting of a petition for alimony only with the determination of the alimony award. If the evidence supports a finding that one of the statutory grounds listed at R.C. 3105.17 for alimony only has been proven, the court must grant the petition. It has no discretion with regard to this issue.

At the hearing on appellee's complaint and appellant's counterclaim, appellee testified that appellant's psychological problems and the consequences of his addiction to prescription drugs had caused severe marital problems. She stated that appellant's personality had changed such that he only wanted to sleep or watch television and no longer performed daily tasks such as cleaning, driving, shopping, etc. However, appellant continued to mow the

grass, keep the yard trimmed and do his laundry. Whenever appellant was hospitalized, all household duties fell on appellee's shoulders. Further, appellee testified that appellant was no longer a companion to her, that he refused to socialize, and that he had become impotent within the last several years of their marriage. Appellant testified that he was diagnosed as being cross-addicted to alcohol and prescription drugs, but that he had been treated and was no longer drinking or knowingly taking addictive drugs. He stated that he had taken some medicine after he left a treatment center, but that he did not know that the drugs were addictive. Appellant denied that he was not willing to socialize. Appellant admitted that they did not communicate anymore and that he did not like to drive. Appellant stated that he wanted to reconcile with his wife and withdrew his counterclaim for divorce.

Upon a review of the evidence, the trial court found that appellant had grossly neglected his duties as a spouse and, therefore, appellee was granted alimony only. On appeal, appellant challenges that the trial court's judgment was contrary to law and the evidence. Appellant argues that the evidence does not support a finding of gross neglect of duty because no legal duty had been breached. At most, appellant concludes, that his actions could constitute only a breach of his moral duties as a spouse.

Either party to a marriage may seek an award of alimony only from the court of common pleas, whether they live separately or not, if they can establish that their spouse has committed one of the following acts:

"(A) Adultery;

"(B) Any gross neglect of duty;

"(C) Abandonment without good cause;

"(D) Ill-treatment by the adverse party;

"(E) Habitual drunkenness;

"(F) Imprisonment of the adverse party in a state or federal penal institution under sentence thereto at the time of filing the petition." R.C. 3105.17.

Gross neglect of duty connotes the breach of a legal duty. *Mark v. Mark* (1945), 145 Ohio St. 301, 30 O.O. 534, 61 N.E.2d 595, paragraph two and three of the syllabus (interpreting another section of the General Code) and *Milyard v. Milyard* (Jan. 24, 1980), Montgomery App. No. CA 6502, unreported. A wife and husband have mutual obligations of respect, fidelity and support under the law. R.C. 3103.01. Therefore, in order to obtain an award of alimony only under the ground of gross neglect of duty, the complainant must show that their spouse has breached a duty of mutual respect, fidelity, or support. Although respect is not defined in the Revised Code, the common meaning of the term is the act of feeling or showing honor, esteem, dutiful

regard, consideration, or concern for another. Webster's New World Dictionary (2 Ed.1972) 1211. In the context of a marital relationship, we find that "respect" describes the essence of a marital relationship—the desire to be a part of another's life and to include the other person in your own life because of the honor or esteem held for that person. While the marriage vows include a vow of staying with the other person for better or worse, that vow does not require one to remain in a relationship that is detrimental to their own physical or mental well-being. Contra *Glimcher v. Glimcher* (1971), 29 Ohio App.2d 55, 58 O.O.2d 37, 278 N.E.2d 37 (incompatibility insufficient to constitute gross neglect of duty as a ground for a divorce).

Therefore, we find the trial court's decision was not contrary to law. Furthermore, upon consideration of the evidence presented in this case, we find that the trial court's judgment was supported by sufficient, competent and credible evidence.

Wherefore, we find appellant's sole assignment of error not well taken. Having found that substantial justice has been done the party complaining, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Pursuant to App.R. 24, appellant is hereby ordered to pay the court costs incurred in connection with this appeal.

*Judgment affirmed.*

ABOOD, J., concurs.

Prior to his death, Judge JOHN J. CONNORS, JR. participated in the decision-making process of this case.